Minton, Appellant, vs. Farmers Mutual Automobile Insurance Company and another, Respondents.

*February 7—March 10, 1950.*

Robert P. Stebbins of Green Bay, for the appellant.

For the respondents there was a brief by Everson, Ryan, Whitney & O'Melia of Green Bay, and oral argument by John C. Whitney.

FAIRCHILD, J. It is considered that the motion of the appellant for a new trial should be granted on the ground that the instructions as given as a whole were totally ineffective and lacking in adequacy on important questions. Particularly is this true with reference to the instructions as to credibility of witnesses. On that point the instruction given by the trial judge reads as follows:

"You are the responsible judges of the credibility of each and every witness who has testified in this case, which includes the parties to the action, and of the weight and effect of the evidence as a whole."

That much is true, but it relates only to the purposes for which the jury is made an important factor in our method of trying questions of fact. There was no effort made to assist the jury in their study of the credibility of the witnesses. They were not told, with relation to the point now under discussion, that in determining the weight and credit to be given to the testimony of witnesses they should consider the interest of such witnesses or lack of interest in result of the trial, their conduct and demeanor on the witness stand, bias or feeling of prejudice if any has been shown, the clearness or lack of clearness of their recollection, and the extent of their opportunity for observing and knowing the matters and things given in evidence by them.

The appellant's motion for a new trial was, among other things, grounded on the refusal of the court to instruct the jury as requested in writing. Were the instructions as given sufficient to help the jury in its determination of the questions submitted, this matter would receive but little consideration. However, we are of the opinion that attention should be called to the rule that "Each instruction asked by the counsel to be given the jury shall be given without change or refused in full," sec. 270.21, Stats. It is also the rule that the instructions should be short, concise, and directly to the point. "Requests for instructions to the jury must be submitted in writing before the argument to the jury is begun, unless in the opinion of the trial judge, special circumstances excuse failure to so submit such requests," sec. 270.21.

The instructions requested in this case begin:

"In this case there will now be submitted to you certain questions for a special verdict, confined to and presenting those issues of fact which are in dispute in this case, and your duty will be discharged by making answers thereto in writing under the instructions of the court. Thereupon it becomes the duty of the court to direct judgment according to law and according to the facts as you find them."

The so-called requested instructions conclude:

"You will now retire to your juryroom, and there you will first select one of your number foreman, or forewoman, and then proceed with your deliberations. The foreman, or forewoman, will preside over your deliberations. When you have agreed upon a verdict, and your foreman, or forewoman, has inserted your answers in writing, you will have him or her sign the verdict and return it into court.

"The clerk will swear the officers."

We have set out as much of the request as we have, indicating the form of the request for instructions used in the eleven-page document handed to the trial judge. It is apparent that the plaintiff's counsel misconceived the purpose of a request of that nature. It appears to have been an attempt to perform duties of a judge in preparing total instructions rather than asking the court to incorporate specific matters in which the party had an interest. It amounted to a substitute for the charge which it was the court's duty to prepare. While much good law was included, we are of the opinion that the effectiveness of the request was destroyed by the failure to comply with the rules of conciseness and of direct reference to the points on which instructions were desired.

This, however, results in the necessity of passing upon the sufficiency or adequacy of the instructions as given and as already pointed out. They fail in the particulars suggested as well as others. We do not deem it necessary to consider the charge further than to say,—It is not one to have unqualified approval and has resulted in prejudicial error. There is reason to believe that further and more definite explanation of the law with relation to credibility of witnesses and burden of proof, as applicable to such a set of circumstances as are here disclosed, would have been helpful and was required.

We must assume that it is established that appellant was running; that she was endeavoring to get across Main street ahead of a car approaching from the west. At the same time, respondent drove his car into Main street, turning left from Pine street, and passed so closely to appellant that the back

of the front fender evidently struck her left leg and threw her off balance with resulting injury to her. The jury found the appellant negligent in failing to yield the right of way and found respondent negligent in management and control. The negligence of the respondent was entirely different in character from the negligence of the appellant, and different inferences may be drawn from the evidence introduced. Because there is to be a new trial we have limited our discussion.

It is considered that the difficulties presented by this record require a reversal and a new trial, and we do not find it necessary to review further the many points attempted to be made.

*By the Court.*—Judgment reversed. Cause remanded with directions to grant a new trial. Costs below to abide the event.